**MERRILL LYNCH, PIERCE, FENNER & SMITH INC., a Delaware corporation, Plaintiff,**

v.

**Sanae GARCIA and Brian A. Garcia Defendants.**

**No. 00–09292 CM (SHx).**

United States District Court, C.D. California.

Sept. 7, 2000.

Mark Prior, Rubin & Associates, Paoli, PA, Anthony J. Oncidi, Christina T. Nguyen, Troop Steuber Pasich Reddick & Tobey, Los Angeles, CA, for plaintiff.

Howard O. Boltz, Jr., Christopher Frank Wong, Bryan Cave, Santa Monica, CA, for defendants.

## ORDER GRANTING PLAINTIFF PRELIMINARY INJUNCTION

MORENO, District Judge.

Presently before the Court is Plaintiff's Motion for a Preliminary Injunction. Having read the supporting papers and having heard oral argument, the Court hereby *grants* Plaintiff's Motion for a Preliminary Injunction.

### I.

*Discussion*

#### A. Factual Background

On August 25, 2000, Defendants Sanae Garcia and Brian Garcia resigned from Merrill Lynch and immediately began working at Merrill Lynch's competitor Salomon Smith Barney, Inc. ("Smith Barney"). Following their departure, Plaintiffs contacted some of their former clients at Merrill Lynch to inform them of their change of employment. *See* Schweitzer Suppl. Decl. at Ex. A. Also on August 25, a Smith Barney vice president wrote to some of Merrill Lynch's customers and provided them with documentation to transfer their accounts to Smith Barney. *See* Schweitzer Suppl. Decl. at Ex. B.

#### B. Analysis

In the Ninth Circuit, a party may obtain preliminary injunction relief by sastisfying one of two tests. The traditional test requires "1) a strong likelihood of success on the merits, 2) the possibility of irreparable injury to plaintiff if the preliminary relief is not granted, 3) a balance of hardships favoring the plaintiff, and 4) advancement of the public interest[.]" *Johnson v. California State Bd. of Accountancy,* 72 F.3d 1427, 1430 (9th Cir.1995).

In their papers, Plaintiff argues that Defendants have wrongfully solicited Merrill Lynch customers. As relief, Plaintiff requests in part that the Court a) enjoin Defendants from soliciting Merrill Lynch's customers and b) that Defendants and Smith Barney be enjoined from accepting business from customers who were wrongfully solicited.

█ It is important to note that California courts have stressed that there is a distinction between "solicitation[1]—which is actionable—from announcing a job change—which is not: 'Merely informing customers of one's former employer of a change of employment, without more, is not solicitation." *Hilb v. Robb,* 33 Cal. App.4th 1812, 1821, 39 Cal.Rptr.2d 887 (1995) (quoting *Aetna Bldg. Maintenance Co. v. West,* 39 Cal.2d 198, 204, 246 P.2d 11 (1952)); *see also Merrill Lynch Pierce Fenner & Smith v. Breeden,* No. C99–20793 (N.D.Cal.1999). In addition, the court in *American Credit Indemnity Co. v. Sacks,* 213 Cal.App.3d 622, 636, 262 Cal. Rptr. 92 (1989) recognized that "basic to an individual's right to engage in fair competition" is the right to announce one's new affiliation. *Id.* at 636, 262 Cal.Rptr. 92.

█ Here, the Court finds that Plaintiff has made a strong showing of likelihood of success on the merits on a trade secrets claim arising from Smith Barney contacting Merrill Lynch customers and providing them with documentation to transfer their accounts. *See* Schweitzer Suppl. Decl. at Ex. B; *see American Credit,* 213 Cal. App.3d at 636, 262 Cal.Rptr. 92 (finding defendant's letter to plaintiff's customer constituted solicitation). California courts have found "solicitation" to be proscribable conduct under the Uniform Trade Secrets Act. *See Morlife, Inc. v. Perry,* 56 Cal. App.4th 1514, 1524, 66 Cal.Rptr.2d 731 (1997).

In fashioning a remedy for wrongful solicitation, California courts have enjoined defendants from accepting business from customers who were wrongfully solicited. In *Morlife,* for example, the defendant was enjoined from "doing business" with any customer who was wrongfully solicited. *Morlife,* 56 Cal.App.4th at 1527, 66 Cal. Rptr.2d 731; *see also George v. Burdusis,* 21 Cal.2d 153, 163, 130 P.2d 399 (1942) (Not only should the employee be enjoined from the solicitation of his former customers, but the court's order should prohibit the new employer from obtaining the benefits of such an unfair practice).[2] Accordingly, the Court finds that Defendants may be enjoined from accepting business from any Merrill Lynch customers who were wrongfully solicited. The letter sent to Stephen and Manuel Rosales constituted improper solicitation, and Smith Barney is enjoined from accepting account transfers from any Merrill Lynch customer who received such a letter.

THE COURT HEREBY FINDS THAT:

1. Plaintiff has established a strong likelihood of success on the merits on its claims for injunctive relief;

2. There is a possibility of irreparable injury to Plaintiff if the preliminary relief is not granted;

3. The balance of hardships favors Plaintiff;

4. The public interest is advanced by granting injunctive relief thus protecting client property and Plaintiff's trade secrets.

THEREFORE IT IS HEREBY ORDERED THAT:

1. A Preliminary Injunction Order shall issue immediately and that Plaintiff post security in support thereof in the

---

1. The California Supreme Court has defined "solicitation" to mean "To appeal to (for something); to apply to for obtaining something; to ask earnestly; to ask for the purpose of receiving." *Aetna Bldg. Maintenance Co. v.*

*West,* 39 Cal.2d 198, 203–204, 246 P.2d 11 (1952).

2. At oral hearing, counsel for Defendant was unable to cite any cases to the contrary.

amount of *$100,000* by no later than September 15, 2000;

2. Defendants are enjoined and restrained, directly and indirectly, and whether alone or in concert with others, including any agent, representative, officer, or employee of Defendants' current employer, Salomon Smith Barney Inc. until the Court specifically orders otherwise, from:

a. soliciting any business from any client of Plaintiff whom Defendants served or whose name became known to Defendants while in the employ of Merrill Lynch and, further, from accepting any business or account transfers from any of said clients whom Defendants have solicited at any time in the past for the purpose of doing business with Defendants' present employer, Salomon Smith Barney Inc. (excluding Defendants' immediate family members); and

b. using, disclosing, or transmitting, including for purposes of soliciting said clients, (i) information contained in the records of Plaintiff, including the names, addresses, and financial information of said clients, (ii) financial information, investment objectives, or account information of any of said clients, and (iii) other confidential information, trade secrets, and commercially sensitive materials; and (iv)that all original records and copies and/or reproductions and/or computerized records thereof, in whatever form, be immediately returned to Plaintiff's Beverly Hills office within twenty-four (24) hours of service of this Order upon Defendants or their legal counsel.

IT IS SO ORDERED.